**CENTRAL STATES RESOURCES CORP.
Successor in Interest to Federal Deposit Insurance Corporation, Appellant,**

**First National Bank of Tekamah**

v.

**LEO TOBIN FARMS, INC., Appellee.**

**No. 89–2251.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1990.

Decided Jan. 4, 1991.

Paul A. Zoss, Des Moines, Iowa, for appellant.

Michael Helms, Omaha, Neb., for appellee.

Before ARNOLD, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

1. The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

2. The Honorable Timothy J. Mahoney, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

WOLLMAN, Circuit Judge.

Central States Resources Corp., successor in interest to the Federal Deposit Insurance Corporation (FDIC) and the First National Bank of Tekamah, appeals the district court's[1] order affirming the bankruptcy court's[2] decision setting aside a promissory note and mortgage executed by Leo Tobin Farms, Inc. (Farms) in favor of the bank. We reverse and remand.

Farms owns one-half of another corporation, Tobin Ranch, Inc. In August 1984 Tobin Ranch became delinquent on its $359,500 debt to the bank. To prevent foreclosure, the two corporations, on August 29, 1984, together executed new notes (one covering the principal and one the interest due on the delinquent note) in favor of the bank. A mortgage on Farms' land provided additional security. In exchange the bank agreed to a four and one-half month extension on the debt.

Farms filed for Chapter 11 relief on December 3, 1985, and brought this adversary action against FDIC, successor in interest to the bank, to avoid the note and mortgage under the Uniform Fraudulent Conveyance Act, Neb.Rev.Stat. §§ 36–601 to –613 (Reissue 1988), and 11 U.S.C. § 544 (debts found fraudulent under applicable law may be avoided).

The bankruptcy court applied section 36–604 and determined that three elements must be present to find a conveyance fraudulent: (1) the debtor became insolvent as a result of the transaction;[3] (2) no fair consideration was given for the debt; and (3) there are one or more unsecured creditors of the debtor. After a hearing, the court first determined that Farms became insolvent as a result of the transaction. In calculating Farms' net worth after the transaction, the bankruptcy court considered the bank loan to be a probable liability to both Farms and Tobin Ranch because they were jointly and severally

3. Under Neb.Rev.Stat. § 36–602, a party "is insolvent when the present fair salable value of his or her assets is less than the amount that will be required to pay his or her probable liability on his or her existing debts as they become absolute and matured."

liable for it and FDIC did not argue for piercing the corporate veil.[4]

The bankruptcy court then considered the question of fair consideration. The court found that the only consideration was the bank's four and one-half months' forbearance in foreclosing on Tobin Ranch. The court stated that no evidence was presented regarding the value of this forbearance and that it could find no benefit to Farms resulting from the delay. Furthermore, even if the extension of time did constitute consideration, the court determined it had disproportionately small value compared to the note and mortgage. Finally, the bankruptcy court found that Farms had unsecured creditors at the time.

FDIC filed a motion for reconsideration on the grounds that the bankruptcy court had erred in counting the bank's loan against both Farms and Tobin Ranch and in shifting the burden of proving fair consideration to FDIC. The bankruptcy court rejected these arguments and in a separate order annulled the note and mortgage.

On appeal to the district court, Central States reiterated FDIC's arguments in the motion for reconsideration. The district court agreed with the bankruptcy court that the liability was properly considered as a part of both Tobin Ranch's and Farms' balance sheet because, unlike a guarantor, surety, or cosigner, both parties were individually liable for the entire debt. The district court also determined that the bankruptcy court had not shifted the burden of proof but had only indicated that FDIC had not provided any evidence concerning the value of the forbearance period. This appeal followed.

4. The bankruptcy court calculated Farms' net worth as follows:

**ASSETS**
| | |
|---|---|
| Land | $592,000 |
| Other (including Tobin Ranch stock valued at $42,895 or 50% of Tobin Ranch's net worth of $85,789*) | 83,054 |
| | $675,054 |

**LIABILITIES**
| | |
|---|---|
| (Including bank loan) | $765,000 |

**NET WORTH** ($89,946)

We agree with Central States that the bankruptcy court erred in its calculation of Farms' net worth following its transaction with the bank. Because of Farms' 50% ownership of Tobin Ranch, the effect of the court's counting the loan as a liability of both corporations simultaneously was to improperly reduce Farms' net worth by one and one-half times the amount of the loan. Had the court counted the loan only once as a liability of either corporation, Farms would have had a positive net worth.[5] We agree with Central States that the correct focus is not that each corporation was liable for the entire loan, but rather that there was a single debt of $359,000 on which there could be only one recovery.

The district court's order is reversed and the case is remanded to the district court with directions to remand the case to the bankruptcy court for further proceedings consistent with this opinion.

* In determining that Tobin Ranch's net worth was $85,789, the court counted the bank loan as a liability.

5. Counting the loan as a liability against Farms alone would increase Tobin Ranch's net worth by $359,000 and therefore increase Farms' assets by $179,500 (one-half of $359,000) resulting in a net worth for Farms of $89,554.