16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 IN RE: LEO TOBIN FARMS, INC., Debtor,
Central States Resources, Corp., Appellant,
v.
Leo Tobin Farms, Inc., Appellee.
 Nos. 93-1758, 93-1790.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 16, 1993.
Filed: January 11, 1994.
 
 Before LOKEN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Leo Tobin Farms, Inc. ("Farms") brought this action to set aside as fraudulent conveyances certain promissory notes and attendant real estate mortgages executed by it in favor of First National Bank of Tekamah (the "Bank"). In seeking to avoid these transactions, Farms invoked several provisions of the Nebraska Uniform Fraudulent Conveyance Act, Secs. 36-601, Neb. Rev. Stat., et seq., among them principally section 36-604, which provides that conveyances made and obligations incurred by a person who is or will be thereby rendered insolvent are fraudulent if made or incurred without fair consideration. Neb. Rev. Stat. Sec. 36-604 (1988). The bankruptcy court held that the transaction was an avoidable fraudulent conveyance under section 36-604.
 
 
 2
 Thereafter, appellant Central States Resources, Corp. ("Central States") (successor-in-interest to the Bank) appealed the bankruptcy court's decision to the United States District Court for the District of Nebraska. The district court affirmed the bankruptcy court's decision. On appeal we reversed the district court's decision and remanded the case with directions to remand the case to the bankruptcy court for further proceedings consistent with our opinion. See Central States Resources Corp. v. Leo Tobin Farms, Inc., 922 F.2d 490 (8th Cir. 1991). On remand the bankruptcy court held that the agreement between Farms and the Bank was an avoidable fraudulent conveyance under section 36-605. See Neb. Rev. Stat. Sec. 36-605. Specifically, the court found that, despite a positive net worth, Farms was unable to operate in the ordinary course of business and therefore had an unreasonably small capital.
 
 
 3
 Central States appealed the bankruptcy court's ruling with respect to section 36-605, and Farms cross-appealed the court's adverse rulings with respect to sections 36-604 and 36-606. See Neb. Rev. Stat. Secs. 36-604, 36-606. The district court affirmed the bankruptcy court's decision in all respects.
 
 
 4
 In the present appeal Central States challenges the district court's affirmance of the bankruptcy court's ruling. Farms has filed a cross-appeal.
 
 
 5
 Having carefully reviewed the record and the briefs, we find no error that would require reversal. We conclude that neither a discussion nor a written opinion would serve any useful purpose. Accordingly, we affirm the district court's decision. See 8th Cir. R. 47B.